UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 18 Cr. 454-6 (KPF) |
| JONATHAN PADILLA, | ORDER |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Defendant Jonathan Padilla, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio, filed a *pro se* motion on May 15, 2020, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. #244). His counsel then submitted a counseled supplement to that request. (Dkt. #256; *see also* Dkt. #262 (counseled reply submission)). The Government opposed the motion by letter brief dated June 18, 2020. (Dkt. #259). As set forth herein, the Court denies Mr. Padilla's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for substantially the reasons set forth in the Government's opposition letter.

In previous opinions, the Court has analyzed the requirements of the compassionate release provision. *See, e.g.*, *United States* v. *Hamed*, No. 17 Cr. 302-1 (KPF), 2020 WL 3268657 (S.D.N.Y. June 17, 2020). In brief, a defendant seeking release from custody must demonstrate both that "extraordinary and compelling reasons warrant such a reduction," *and* that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Padilla has failed to satisfy this exacting standard.

Without minimizing any health issues that Mr. Padilla has experienced, the Court agrees that, because Mr. Padilla has already tested positive for the COVID-19 virus and been classified as "asymptomatic," he cannot meet his burden to establish that "extraordinary and compelling reasons warrant" a reduction to his sentence, or that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). To be sure, Mr. Padilla has identified sub-optimal conditions of confinement at FCI Elkton during the pandemic. However, he has not identified any deficiencies in the medical treatment that he has received, or any underlying medical conditions that have been exacerbated by his contraction of the virus. *See generally United States* v. *Patterson*, No. 17 Cr. 118-6 (KPF), 2020 WL 2571044, at *3 (S.D.N.Y. May 21, 2020). The Court also commends Mr. Padilla for the rehabilitative efforts he has undertaken in prison, but it finds them similarly insufficient to warrant the relief he now seeks. *See generally United States* v. *Morrison*, No. 16 Cr. 551-1 (KPF), 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020); *United States* v. *Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 881994, at *4 (S.D.N.Y. Feb. 24, 2020).

Counsel for Mr. Padilla raised one additional argument for compassionate release that suggests confusion concerning the Court's sentencing rationale: Counsel notes that Mr. Padilla has been unable to participate in the Residential Drug Abuse Program ("RDAP"), and may therefore not receive a reduction in sentence that the Bureau of Prisons (the "BOP") is authorized to impose for successful completion of the program. (Dkt. #256 at

2

5). From this, counsel reasons that "[h]ad this Court actually known that RDAP would not be an option for Mr. Padilla — through no fault of his own — a lesser sentence may well have been imposed, perhaps the statutory minimum sentence of 60 months, as requested by the defense." (*Id.*). For avoidance of doubt, the Court clarifies that had it known this fact, it would not have imposed a lower sentence. In no way did the Court tie the sentence it imposed to the possibility of (or potential consequences flowing from) Mr. Padilla's competition of the program; indeed, Supreme Court precedent prohibits it from so doing. *See Tapia* v. *United States*, 564 U.S. 319, 321 (2011) ("We consider here whether the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation. We hold that it does."). Instead, as the Government correctly observes, "the Court [was] saying that it would not increase [Mr. Padilla's] sentence to account for the possibility of a reduction later, because any credit would be well earned." (Dkt. #259 at 6).

More fundamentally, granting Mr. Padilla's motion would undermine the purposes of sentencing. Mr. Padilla has a substantial criminal history, including approximately 18 criminal arrests; he was also deeply involved in the charged conspiracy, which involved a veritable "open-air drug market" at the Lambert Houses in the West Farms section of the Bronx. (Final Presentence Investigation Report ("PSR") ¶¶ 11-19). Mr. Padilla has also received several disciplinary infractions while incarcerated. (Dkt. #259 at 9). To release Mr. Padilla now, almost three years prior to his anticipated release date of April

2023, would be contrary to the goals the Court sought to accomplish with its sentence.

For all of these reasons, Mr. Padilla's request for compassionate release is DENIED. The Clerk of Court is directed to terminate the motions at docket entries 241 and 256.

SO ORDERED.

Dated: July 13, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge