UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | 18 Cr. 454-6 (KPF) |
| JONATHAN PADILLA, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

On July 13, 2020, this Court issued an order denying the motion of Defendant Jonathan Padilla for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Dkt. #267).  Mr. Padilla neither sought reconsideration of nor appealed from the Court's Order.  Instead, on October 25, 2020, Mr. Padilla submitted a motion styled as a "Successive Request for Compassionate Release and/or Relief Pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)" (the "Second Motion")  (Dkt. #296).  In it, Mr. Padilla presents additional information concerning his conditions of confinement at FCI Elkton and offers reasons why he should be released from custody immediately.

The Court's research has not disclosed cases addressing the propriety of second or successive motions under § 3582(c)(1)(A), although the structure of the provision suggests that such motions are permissible.  That said, the Court also reads the statute to require that *each* such motion would be subject to the exhaustion requirements set forth in the statute.  See 18 U.S.C. § 3582(c)(1) (specifying that a court can grant relief, as relevant here, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). According to the Second Motion, Mr. Padilla has not submitted a second request for relief to the Warden at FCI Elkton, but rather is relying on his earlier request of May 2020. (Dkt. #296 at 2).

Given the novel issues raised by Mr. Padilla's Second Motion, the Court believes that supplemental briefing from his counsel would be helpful, and directs defense counsel to file a supplemental brief on or before **November 30, 2020**. Counsel is welcome to address any topic raised by Mr. Padilla's Second Motion or this Order, including the exhaustion issue just addressed. In this regard, counsel is reminded that this Court has previously refused to waive the exhaustion requirement for pandemic-related § 3582(c)(1)(A) motions. *See, e.g.*, *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (noting prior denial without prejudice because of failure to exhaust administrative requirements). Counsel might also consider whether to recast the motion as one for reconsideration of this Court's prior order, as one recent movant has done. *See, e.g., United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *1 (S.D.N.Y. Oct. 30, 2020) (denying motion for reconsideration). If it chooses to do so, the Government can file a responsive submission on or before **December 18, 2020.**

The Court directs defense counsel to provide a copy of this Order to Mr. Padilla.

Finally, in reviewing the docket of this case, the Court observes that there is an open motion that was in fact previously resolved by this Court. Accordingly, it directs the Clerk of Court to terminate the motion at docket entry 244.

SO ORDERED.

Dated:   November 4, 2020
         New York, New York

                                          KATHERINE POLK FAILLA
                                          United States District Judge