UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

JONATHAN PADILLA,

Defendant.

18 Cr. 454 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On March 18, 2022, the Court received a letter from Defendant Jonathan Padilla, requesting that the Court order the Bureau of Prisons ("BOP") to recalculate his good time credits pursuant to the First Step Act of 2018. (Dkt. #369). On March 23, 2022, the Government filed a letter opposing Defendant's motion. (Dkt. #371). For the reasons outlined below, Mr. Padilla's motion is DENIED, without prejudice to its renewal in his district of confinement.

Defendant represents in his letter that he "has been disqualified from earning the First Step Act of 2018 time credits … [a]s a result of an erroneous presentence investigation report or statement of reasons," which references at least one drug statute to which he did not plead guilty. (Dkt. #369 at 1-2). The Court has reviewed the charging instrument, the presentence investigation report, the plea agreement, as well as the statement of reasons in Defendant's case, and is unable to discern the errant statute of which Defendant speaks. At the same time, the Court does not see a basis for the BOP's purported decision to designate Defendant as ineligible for good time credits. Defendant pleaded guilty on May 13, 2019, to conspiring to distribute and to possess with

the intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. (Dkt. #371-1). These same statutory provisions appear in Defendant's indictment, presentence investigation report, and judgment. (Dkt. #2, 134, 177), and there is nothing additional in the statement of reasons. It is the Court's understanding that none of these violations render Defendant ineligible for good time credits pursuant to the First Step Act. *See* 18 U.S.C. §§ 3624(b), 3632(d)(4).

In any event, the Court is not able to grant Defendant the relief he seeks, as this motion is not the proper vehicle to seek post-conviction relief from the BOP. Rather, the proper mode for Defendant's challenge to the BOP's determination of his eligibility for good time credits is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Levine* v. *Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the execution of a sentence — in contrast to the imposition of a sentence — is properly filed pursuant to [Section] 2241."); *Jiminian* v. *Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (explaining that Section 2241 is the proper vehicle for challenges based on "computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions"). Further, such a proceeding must be brought against the BOP in the district in which Defendant is incarcerated, which is not presently within this Circuit. *See United States* v. *Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (summary order).

Accordingly, Defendant's motion seeking an order that BOP to recalculate his good time credits is DENIED, without prejudice to its renewal in the district of his incarceration.

The Clerk of Court is directed to terminate the pending motion at docket entry 369. The Clerk of Court is further directed to mail a copy of this Order to Defendant at the following address:

> Jonathan Padilla
> Reg. # 85969-054
> FCI Elkton
> P.O. Box 10
> Lisbon, OH 44432

SO ORDERED.

Dated:   March 25, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge